# THE SCHOONER MARY CHILTON.

*(District Court, S. D. New York.* November, 1880.)

**1. ADMIRALTY—ESTOPPEL—MARITIME LIEN.**

Where the claimant (owner) of the vessel, who personally contracted with the libellant for repairs made at his dock in Brooklyn, New York, resided at the time, and had long before resided, in New York city, and the vessel at the time was registered at New London, Connecticut, and had "New London" painted on the stern, and the owner informed libellants that she was registered there, was mortgaged, and that he could ascertain about her from the collector there :

*Held,* that these facts did not import a representation that the claimant lived in New London.

That while the owner, if he has misled the libellant by representations as to the vessel being foreign or domestic, may be estopped to deny such representations,

*(The E. A. Barnard,* 2 FED. REP. 712, 716,)

Still the libellant does not appear to have been misled by them.

The libellant, knowing that the claimant had bought the vessel, was bound to inquire as to his place of residence.

That the vessel, being in the port where her owner resided when the repairs were made, was a domestic vessel, and no lien attached by the maritime law.

*The Albany,* 4 Dill. 439.

That no lien therefor attached under the laws of New York, the necessary specifications not having been filed.

In Admiralty.

*Robert Payne,* for libellant.

*W. W. Goodrich,* for claimant.

CHOATE, D. J. This is a suit for labor and materials furnished in repairing the schooner Mary Chilton. The repairs were put upon her at the libellant's dock in Brooklyn. The libel claims a lien therefor both by the maritime law and by the state law.

As to a lien by the state law there is no proof that the libellant filed the necessary specification. As to a general maritime lien it is shown that the owner of the vessel, who personally contracted with the libellant for the repairs, then and long before resided in New York city. The vessel had been registered at New London, Conn., and "New London" was painted on her stern when the vessel came to the libel-

lant's dock. The owner also informed libellant that she was registered at New London, and that there was a mortgage on her, and that he could ascertain about the vessel by telegraphing to the collector there. The vessel being in the port where her owner resided was a domestic vessel, and no lien, attached for the repairs by the maritime law. *The Albany,* 4 Dill. 439. If the owner misled the libellant as to her character, as being foreign or domestic, he may be estopped to deny his representations as to her character. *The E. A. Barnard,* 2 FED. REP. 712, 716: It is claimed by the libellant that there is such an estoppel in this case. I cannot find, however, that the libellant was misled by any representation of the owner as to his residence, or as to the character of the vessel. The libellant was informed that the claimant had bought the vessel, and he made no inquiry as to claimant's place of residence. I do not think that the name "New London" painted on the stern, or the information that the vessel was registered there, were or imported a representation that he lived there. The proper inference to be drawn from what the libellant was told was rather that the vessel had once belonged to somebody who lived in New London, but that now she belonged to this claimant. The libellant had no reason to suppose that the claimant did not live in New York, and on inquiry he would have ascertained that he did live here. I think the facts do not warrant the conclusion that the claimant is estopped to make this defence.

Libel dismissed with costs.